Owen v. Willis

82 *ALEXANDER °F. OWEN, plaintiff in error, v. JAMES F. WILLIS, administrator, defendant in error.

(Atlanta, June Term, 1870.)

CONTRACTS—NOT WITHIN SCALING ORDINANCE—PRIOR CONSIDERATION—ADJUSTMENT OF EQUITIES—APPELLATE PRACTICE.—A contract made 1st October, 1866, though for a consideration existing prior to the Scaling Ordinance of 1865, is not embraced within the Ordinance. When parties to contracts made during the war have, since the publication of the Ordinance of 1865, met and adjusted the equities between themselves without fraud, mistake or imposition, and one of them has given the order a new note or obligation, as a settlement of the differences between them, the case falls within neither the letter nor spirit of the Ordinance, and this Court will not reverse the decision of the Judge of the Superior Courts, who orders a plea which sets up such a. state of facts to be stricken.

Scaling Ordinance. Relief. Before, Judge Johnson, Talbot Superior Court, March Term, 1870.

Willis, as administrator of John T. Nelms, sued Owen on his note, for $457 70, payable to Nelms or bearer, made on the 1st of October, 1866, and due one day after date. Owen pleaded that on the . . . day, of . . ., in 1862, he borrowed of Nelms, $250 00 in Confederate currency, and $50 00 in bank bills, and gave Nelms his note therefor, for $300 00, due on the 25th of December, 1862, and that it was then and there stipulated and agreed by and between him and Nelms, that said note was to be paid at its maturity, in Confederate Treasury notes, which, at the date of the note and its maturity, were worth but twenty cents in the dollar, as compared with gold, that the note sued on, was at its date given by him to Nelms in renewal of said old note; further, that after the maturity of the old note, he, in pursuance of said original agreement, at the time last aforesaid, tendered Nelms the principal and interest due on said old note, in Confederate money, and Nelms refused to accept it in payment of said old note. Plaintiff demurred to these pleas, and the demurrer was sustained. Thereupon,· plaintiff, took judgment for the principal and interest, due on the new note with costs. The. defendant assigns as error the sustaining of said demurrer.

E. H. Worrill. Geo. N. Forbes, for plaintiff in error.

Willis & Willis, for defendant.

Owen v. Willis

*By the Court—BROWN, C. J., delivering the opinion.

The plea in this case, which was stricken by order of the Judge of the Superior Court, sets up, that the note sued on, which was dated 1st October, 1866, was given in renewal of a note, dated in 1862, the consideration of which was borrowed money, partly Confederate notes, and partly bank bills; and, it is claimed that the present note falls within the Scaling Ordinance of 1865. We do not think so. That Ordinance, by its terms, embraces only such contracts as were made between June, 1861, and June, 1865. This note which is the evidence of the contract sued on, bears date 1st October, 1866, more than a year after the end of the period embraced in the Ordinance. But it is insisted by the learned counsel for plaintiff in error, that it was in renewal of a note given in 1862, and, that the consideration of the present contract, is the same upon which the first note rested. This may be true, but the Ordinance speaks of contracts made between June, 1861, and June, 1865, not contracts made since, which have for their foundation a consideration which previously existed.

We do not think this case falls within either the letter or spirit of the Ordinance. Here the parties, long after the publication of the Ordinance, met and adjusted the equities between themselves; and the plaintiff in error gave the defendant in error, a new note for the sum, which it was agreed between them was due at its date. It is not pretended that the new note was procured by fraud, mistake, imposition, or unfairness of any character. The note was no doubt given for the amount which both parties agreed, was equitable and just between them. Then why should the courts interfere, and bring the case within the Ordinance by construction, to relieve a party of the payment of a sum which he has, with a knowledge of all the facts, and of his rights under the Ordinance, admitted to be due.

In Smith v. Belk, decided at last term, 40th Georgia Reports, 656, we held that a note given in 1866, in renewal of a former note, for a debt due prior to June, 1865, was a new contract, *and was not embraced in the Act known as the Relief Law of 1868, and that it was not error in the Court below to order the pleas filed under the Relief Act stricken if, they did not contain matter good as a defence, under the laws applicable to contracts made since June, 1865.

It will be remembered that the Relief Act of 1868, embraces only such contracts as were made prior to June, 1865. And the substance of our ruling was, that it referred to contracts made prior to that date only, and not to contracts made, or notes given since, though they might rest upon a consideration which existed prior to that date.

Judgment affirmed.